O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ENRIQUE ALVARADO, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 07-CV-140 |
| | § | |
| BRIAN GORTON and UNION | § | |
| PACIFIC RAILROAD CO., | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

Pending is Plaintiff's Motion to Remand Case to State Court (Docket No. 3) and Plaintiff's Request for Attorney Fees (Docket No. 6).

### Procedural History

Plaintiff filed a civil action against Defendants on September 17, 2007, in the 111th Judicial District Court of Texas, located in Webb County.  Defendants timely filed a Notice of Removal on November 2, 2007.  (Docket No. 1, Ex. A.) Plaintiff filed a Motion to Remand on December 19, 2007. Defendants filed a Response to the motion on January 7, 2008, (Docket No. 5) and Plaintiff filed a Reply to the Response and a Request for Attorney Fees on January 10, 2008.  Defendants filed a Response to the Reply on January 15, 2008.  (Docket No. 7.)

### Factual Background

As alleged, Plaintiff Enrique Alvarado, a longtime Union Pacific employee and citizen of Louisiana, is suing Defendants

1

Union Pacific Railroad Co., a Delaware corporation with its principal place of business in Nebraska, and Brian Gorton, a General Superintendent for Union Pacific and a citizen of Texas. He alleges claims of age, national origin, and retaliation discrimination under the Texas Labor Code against Union Pacific, and defamation against Union Pacific and Gorton.

## Discussion

The parties vigorously dispute whether there is a valid claim against Gorton, apparently on the assumption that his presence destroys diversity of citizenship for federal subject-matter jurisdiction. That assumption is erroneous. With or without Gorton, there is complete diversity between the parties. The real issue here is a defect in removal jurisdiction.

Under 28 U.S.C. § 1441(b), even when complete diversity of citizenship exists, the case is removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought. *Petty v. Ideco*, 761 F.2d 1146, 1149 n.1 (5th Cir. 1985). Accordingly, because Gorton is a Texas citizen, removal was defective. This defect, however, is waivable by a failure to timely file a motion to remand. *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991).

Section 1447(c) states that a motion to remand the case on the basis of any defect other than lack of subject matter

jurisdiction must be made within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c). Based on the docket sheet in this case, it appears that the Motion to Remand was filed more than thirty days after the filing of the Notice of Removal.

## Conclusion

Because the parties did not address the potential waiver issue, the Court will withhold issuing a decision on the remand motion to afford the parties an opportunity to comment. Parties have until Thursday, February 14, 2008, to file any written comments.

DONE at Laredo, Texas, this 29th day of January, 2008.

_____
George P. Kazen
United States District Judge